IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CARMEN COXWELL**                                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:11cv71KS-MTP**

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON**                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Relief From Order of Partial Dismissal **[#27]** filed on behalf of the plaintiff, Carmen Coxwell ("Coxwell"). The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, the authorities cited and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

Coxwell commenced this action with service on Liberty Life Assurance Company of Boston ("Liberty Life") and former defendant The TJX Companies, Inc. ("TJX") on April 1, 2011. Coxwell's Complaint asserted claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for both recovery of long term disability benefits and breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3), respectively. Specifically, Coxwell sought recovery for alleged improper denial of long term disability benefits and resulting loss of life insurance coverage (with waiver of premiums), which is alleged to be an express benefit for recipients of long term disability under the applicable ERISA plan at issue in this

proceeding, among other things.

On May 6, 2011, the defendants filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss certain claims including the state law causes of action asserted in the Complaint and to dismiss TJX from this action as a party defendant. In the defendants' Brief supporting their motion, the defendants stated that TJX was not a proper party defendant in this action because TJX was only the plan sponsor and had no "decision-making power over claims for benefits from the LTD Plan." Both Defendants were represented by the same counsel.

Allegedly relying on the representations made by counsel for Liberty Life and TJX and as stated in Defendants' motion, Coxwell agreed to an Order dismissing TJX as a party defendant, leaving Liberty Life as the only defendant in this ERISA action. An Agreed Order was submitted to the court by the parties and entered on June 2, 2011.

On August 30th and 31st, 2011, counsel for Coxwell and Liberty Life exchanged email communications discussing settlement and other matters. Coxwell's counsel's position was that reinstatement of Coxwell in the life plan was a required part of any settlement. At that point, according to Coxwell, counsel for Liberty Life took a completely contrary position with respect to TJX's involvement in the ERISA claim issues asserted by Coxwell. Specifically, Counsel for Liberty Life stated that Liberty Life did not have decision-making authority with respect to the life insurance benefits claimed by Coxwell, instead asserting that only former defendant TJX had such authority. Liberty Life's counsel also reminded Coxwell's counsel that TJX was no longer in the case.

Coxwell contends that this change in position constitutes a misrepresentation

upon which Coxwell relied in agreeing to a dismissal of TJX.  Thus, Coxwell is seeking relief from the agreed order of dismissal regarding TJX.  Coxwell specifically argues that the change in position taken by the defendants, through their counsel, amounts to a mistake, a surprise to Coxwell, misrepresentation, newly discovered evidence not available to Coxwell at the time of the Order, a change in circumstances or, alternatively, another reason which justifies relief from the Order dismissing TJX from this case.

Coxwell has brought the present motion under Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason justifying relief.

Additionally, Rule 60(c) provides:

**(c) Timing and Effect of the Motion.**

> **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
> **(2) Effect on Finality**. The motion does not affect the judgment's finality or suspend its operation.

To satisfy these various reasons for relief, the courts have incorporated Rule 55's "good cause" standard for relief from a prior order. *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir.2008).

To comply with the dictates of Rule 60(b), Coxwell contends that pursuant to her claim for lost life insurance benefits and the defendants' original position, as reflected in their motion seeking dismissal of TJX that TJX was merely the plan sponsor and had no discretionary authority regarding this claim, she should be granted relief form the Agreed Order of dismissal.  Coxwell argues that she reasonably relied on the representations of defense counsel and agreed to a dismissal of TJX as a party defendant as at the time of the dismissal Order, no discovery had yet begun through which she could have learned of TJX's involvement in the denial of benefits.  Further, Coxwell argues that the court had not yet entered a case management order permitting or restricting discovery at the time of the dismissal Order.  This lack of information available to Coxwell, according to her, meant that she was able to rely only on the defendants' representations for the truth of those representations.  Therefore, Coxwell contends the change in position by the defendants constitutes newly discovered evidence and/or a change in circumstances which warrants relief from the prior order of the court.  Further, Coxwell asserts that the order entered by the court was, at the very least, a "mistake" which also warrants relief from the order.

Liberty Life counters by arguing that there has been no misrepresentation made whatsoever and the entire basis of Coxwell's 60(b) Motion is her counsel's failure to understand the terms of the benefit plans at issue. Liberty Life continues that "[o]ne who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1334 (5th Cir. 1978) (citing, *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949)). Thus, according to Liberty Life, there is no evidence of any sort, and certainly not clear and convincing evidence, that there was any misrepresentation by Liberty Life or its counsel.

The court disagrees. After reviewing the pleadings and the email correspondence between counsel, the court finds that there was a misrepresentation as to the authority of TJX to impact the relief requested by Coxwell. That misrepresentation does not appear to have been intentional, but the effect was the same. TJX was represented by the same counsel as Liberty Life. After successfully, securing the dismissal of TJX, Liberty Life was approached about settlement. On one of the key terms of the settlement offer from Coxwell, Liberty Life responded with, in effect, "oops, we can't do that because only TJX can do that and you let them out." Liberty Life candidly admits that the court could order reinstatement of life benefits to Coxwell by TJX if TJX was a party, and the court ultimately deemed such relief proper. Thus, the dismissal of TJX, whether by mistake, inadvertence or misrepresentation, was in error. Coxwell is entitled to a reinstatement of TJX as a party defendant.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Relief From Order of Partial Dismissal **[#27]** filed on behalf of the plaintiff, Carmen Coxwell is

granted and defendant The TJX Companies, Inc. is reinstated as a party defendant in this matter.

    IT IS FURTHER ORDERED AND ADJUDGED that the parties shall contact Magistrate Judge Parker for the entry of a new Case Management Order within ten days of this order.

    SO ORDERED AND ADJUDGED this the 18th day of October, 2011.

                                       *s/Keith Starrett*
                                       UNITED STATES DISTRICT JUDGE