IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CARMEN COXWELL**                                                                          **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:11cv71KS-MTP**

**LIBERTY LIFE ASSURANCE COMPANY**
**OF BOSTON; and TJX COMPANIES, INC.**                                     **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the defendant TJX Companies, Inc.'s Motion to Set Aside Clerk's Entry of Default **[#50]**. The court having reviewed the motion, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The court finds specifically as follows;

On March 28, 2011, the plaintiff's Complaint was filed in this matter. On May 6, 2011, TJX filed a Motion to Dismiss the Complaint against it. On June 2, 2011, this court entered an Agreed Order Granting the Motion to Dismiss TJX as a defendant. On October 18, 2011, this court entered an order reinstating TJX as a defendant after plaintiff filed a Motion to Set Aside the Agreed Order. The court also ordered the parties to contact the Magistrate Judge within ten days of that date for the entry of a new case management order. TJX made no effort to have an attorney file an entry of appearance on its behalf at that point even though the same counsel representing co-defendant Liberty Life had previously represented TJX. In fact, counsel for Liberty Life

represented that TJX was securing separate counsel.

On November 28, 2011, Coxwell moved for entry of default because of TJX's failure to appear. The Clerk entered the default that same day.  On November 29, Coxwell filed a Motion for Default Judgment based on the Clerk's Entry of Default.  The court set a hearing on the motion for December 8, 2011.  TJX had counsel file an entry of appearance on its behalf on December 2, 2011, along with an opposition to the default motion.  The opposition contained a request to set aside the Clerk's Entry of Default.  In that response, TJX contends that the court did not rule on the merits of TJX's previous Motion to Dismiss which it argues is still pending before the court.

At the scheduled hearing on December 8, counsel appeared for all parties. Coxwell came prepared to put on evidentiary proof as to the quantum of her damages asserted against TJX.  The court, after being apprised of the nature of the proceedings and the status of the parties and pleadings, recessed the default hearing in order to give full consideration to the issues.  On December 13, TJX filed the present motion to set aside the entry of default.

TJX has moved to set aside the Entry of Default under Rule 55(c) pursuant to the procedure set forth in Rule 60(b), Fed.R.Civ.P.  The provisions of Rule 60(b) state:

> On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

Rule 60(b)(1), Federal Rules of Civil Procedure.

Fed. R. Civ. P. 55 (c) provides that the court may set aside an entry of default for good cause.  *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524 (11th Cir. 1990).

"In logical sequence, a timely motion [i.e., filed within a "reasonable time"] to set aside a clerk's mere entry of default must be ruled upon and denied before any motion . . . for final default judgment can be addressed, much less granted.  Unless and until the motion to set aside the entry of a default is denied, a motion for final judgment is just hanging around." *Blau v. Bill Heard Chevrolet Corporation-Orlando*, 2009 U.S. Dist. Lexis 121639, **21 (N.D. Ala. 2009) (Acker, J.).

The good cause standard of Rule 55(c) is not strictly defined and varies depending on the factual situation.  *Compania Interamericana Export-Import v. Compania Dominicana de Aviaction*, 88 F.3d 948, 951 (11th Cir. 1996).  While the standard is quite flexible, courts have considered basic guidelines such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* at 951 (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2nd Cir. 1994).  These guidelines are not "talismatic" and others may just as easily "identify [ ] circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)).

The decision whether to set aside a default judgment rests within the discretion of this court, and review thereof is subject to an abuse of that discretion.  *Rogers v. ITT Hartford Life & Accident Co.*, 167 F. 3d 933 (5th Cir. 1999).  However, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments.  *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir.1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th

Cir.1989) ('Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations.')." *Id.* at 936.

The Fifth Circuit has set forth three factors for the court to consider in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *Id.* at 938. However, "[t]hese factors are not 'talismanic.' *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). A district court may consider other factors . . .." *Id.* at 939. However, if the court finds a willful failure to respond, the inquiry ends and the court is required to make no further findings. *See Dierschke v. O'Cheskey (In re Dierschke)* 975 F.2d 181, 184 (5th c Cir. 1992).

Likewise, the requirement for good cause under Rule 55(c) has generally been interpreted liberally in an analysis of three factors: (1) there was not a willful failure to act; (2) setting the default aside would not cause prejudice to the adversary; and (3) a meritorious claim can be presented. *Pham v. Hoang, No.* 1:05-CV-669, 2006 WL 1320118, at *3 (E.D. Tex. April 17, 2006) (citing *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991) and *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The court may also consider other factors, such as "whether the defendant acted expeditiously to correct the default." *Id.*.

The court finds that TJX's failure to respond was not a deliberate attempt to avoid litigation or to do any harm to the plaintiff or this court. Further, the court can identify no prejudice to the plaintiff by allowing this matter to proceed. However, to the extent any prejudice could be identified, it is outweighed by the defendant's interest in

being provided an opportunity to defend against the claims.

In that regard, TJX contends that it can advance meritorious defenses to Coxwell's claims. Specifically, it argues that as in its previous Motion to Dismiss, TJX – as a plan sponsor – cannot be held liable for ERISA violations.  The court agrees that a possibly meritorious defense is presented.  However, to the extent that TJX relies on the previous motion to dismiss as a grounds for ignoring its obligation to enter an appearance after the court reinstated it as a defendant, such is simply disingenuous. The court clearly ruled on and terminated the previous motion to dismiss by entry of the agreed order.  There was nothing pending in this court which would allow TJX to ignore its obligation to enter an appearance and assist the other parties in formulating a new case management order as instructed by this court.

However, once TJX learned of the Entry of Default, it entered an appearance and ultimately filed its Motion to Set Aside the Default.  The court is concerned that counsel for Coxwell and counsel for Liberty were in communication with each other regarding the entry of a new case management order and TJX failed to take any action. As previously stated, TJX's position that the previously filed motion to dismiss had not been ruled on is unacceptable.  Dilatory tactics will not be permitted to delay the prompt adjudication of matters pending before the court.  As well, there appears to be a good bit of contentiousness between counsel in this matter.  Counsel for **all parties** is hereby put on notice that unprofessional conduct is prejudicial to the prompt resolution of claims and will not be tolerated.

Nevertheless, in applying the above factors, good cause exists to have the entry of default set aside because TJX's failure to act, while dilatory, does not appear to be willful or deliberate; any prejudice suffered by the plaintiff is outweighed by the interest

of defendant in answering the plaintiff's claims; and finally, TJX has acted expeditiously in responding to the motion for default judgment.  However, because of the dilatory conduct of TJX, the court will award attorney fees and costs to Coxwell in an amount to be determined by the court upon proper motion by Coxwell with supporting affidavits as to those costs and fees.

    IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Set Aside Clerk's Entry of Default **[#50]** filed on behalf of TJX Companies, Inc. is Granted; that the plaintiff's Motion for Default Judgment **[#44]** is denied; and that the parties shall **contact** the Magistrate Judge **and enter** a new Case Management Order **within ten days** of this order .

    SO ORDERED AND ADJUDGED this the 15th day of December, 2011.

                                      *s/ Keith Starrett*
                            UNITED STATES DISTRICT JUDGE